USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___3/8/2021___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | **18-cr-725 (ALC)** |
| -against- | : | |
| | : | **ORDER & OPINION** |
| | : | |
| ABISOYE ARIYO and MONICA ARIYO, | : | |
| | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

In October 2018, Defendants Abisoye Ariyo and Monica Ariyo (the "Ariyos" or "Defendants") were charged with one count of conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 371 and one count of operation of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960 and 2. ECF No. 2. In 2019, the United States (the "Government") entered into a deferred prosecution agreement with each of the Ariyos which provided for a three-month term of supervision. ECF Nos. 61-63. Defendants successfully completed the pretrial diversion period and the Government concluded that "further prosecution of [the Ariyos] would not be in the interests of justice." *Id.* In early 2020, on the Government's motion, the Court entered a *nolle prosequi* as to both Defendants. *Id.* On February 8, 2021, Defendants filed a motion and memorandum in support seeking to anonymize their identities on the caption and on the public electronic docket ("Defs.' Mot."). ECF Nos. 64-65. The Government opposed the motion on February 17, 2021 ("Gov't Opp."), ECF No. 69, and on February 19, 2021, Defendants filed a reply in further support of their motion ("Defs.' Reply"), ECF No. 70. The motion is deemed fully briefed. After careful consideration, Defendants' motion is **DENIED**.

While the Court is not without sympathy for Defendants' unfortunate circumstances, the Court concludes that it is without jurisdiction to consider the Ariyos' motion. Neither side addresses this issue and appear to assume that *United States v. Schnitzer*, where the Second Circuit held that the district court had ancillary jurisdiction over a motion for expungement of defendant's arrest records, provides authority for this Court to exercise ancillary jurisdiction over Defendants' motion. 567 F.2d 536, 538 (2d Cir. 1977), *cert. denied*, 435 U.S. 907 (1978).[1] However, in a subsequent decision, the Second Circuit held that *Schnitzer* only applies to "the expungement of *arrest* records following a district court's order of dismissal." *Doe v. United States*, 833 F.3d 192, 197 (2d Cir. 2016) (emphasis added), *cert. denied*, 137 S. Ct. 2160 (2017). Thus, *Schnitzer*, does not provide a basis for the Court to exercise ancillary jurisdiction over Defendants' motion.

Instead, as in *Doe*, the Court must look to the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) to determine whether it can exercise ancillary jurisdiction over Defendants' motion. "[A]ncillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378. In *Kokkonen*, the Supreme Court instructed that ancillary jurisdiction may be exercised "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (internal citations omitted).

---

[1] In a concurring opinion in *Doe v. United States*, 833 F.3d 192 (2d Cir. 2016), Judge Livingston expressed doubt as to whether *Schnitzer*'s jurisdictional holding survived the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*. 833 F.3d at 200 (Livingston, *J.*, concurring).

Neither circumstance is present here. Although we recognize that deciding Defendants'
motion on the merits may "depend[] in part on facts developed in [their] prior criminal
proceeding," *Doe*, 833 F.3d at 198, the facts underlying the government's prosecution are not
"factually interdependent" with the current motion. Instead, Defendants' collateral employment
and reputational consequences arise from the earlier prosecution itself. *See Doe*, 833 F.3d at 199.
Indeed, the facts underlying the earlier prosecution and those developed in this motion, are
"clearly independent." *Id.* The exercise of ancillary jurisdiction also does not serve the second
purpose identified in *Kokkonen* of "manag[ing] its proceedings, vindicat[ing] its authority, and
effectuat[ing] its decrees." *Id.* at 198. This criminal case was resolved over a year ago, "and there
is nothing left to manage, vindicate or effectuate." *See United States v. Lucido*, 612 F.3d 871,
875 (6th Cir. 2010) (holding that the district court lacked jurisdiction to consider a motion to
expunge records of a valid indictment and later acquittal).[2]

---

[2] Even if the Court had jurisdiction to decide the merits of Defendants' motion, the Court is dubious that the relief
Defendants seek would be effective in alleviating the collateral employment and reputational consequences that
Defendants have suffered. Even if the Court grants Defendants the relief they seek, their connection to these
criminal charges will still be visible on the internet. Defendants admit that they will not seek to anonymize the
docket of the related civil forfeiture case, though state that they "would prefer that [the Judgment of Forfeiture] not
be available on the internet because it identifies their names in connection with criminal charges, and thus will
appear in an internet search of their names." Defs.' Reply at 6. Defendants suggest that the harms arising from the
Judgment of Forfeiture being available on the internet are less damaging than the availability of the criminal caption
and public electronic docket containing their names. However, the Judgment of Forfeiture contains much of the
same information as the criminal docket, including that they were charged in a "two-count Indictment . . . with
conspiracy to operate an unlicensed money transmitting business." Judgment of Forfeiture, *United States v.
$457,749.55 in United States Currency*, No. 20-cv-2181 (S.D.N.Y.), ECF No. 6. The Ariyos assert that "[t]o some
degree, the damage caused by the reference to the criminal charges is reduced by the reference that immediately
follows to the non-criminal resolution of the Ariyos' criminal case." Defs.' Reply at 6. However, the same could be
said of the criminal docket.

For the aforementioned reasons, Defendants' motion is **DENIED**.

**SO ORDERED.**


**Dated: March 8, 2021**
   **New York, New York**

              **ANDREW L. CARTER, JR.**
              **United States District Judge**